### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF
### ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Raymond Pritchett, | ) | |
| | ) | Case No. 18-cv-4511 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Servon Group, Inc., and | ) | |
| Krsytyna Wojciak | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants, | ) | |

## COMPLAINT

Now comes Raymond Pritchett ("Plaintiff"), through his attorneys, Nathan & Kamionski LLP, complaining against Servon Group, Inc. and Krystyna Wojciak ("Defendants"), and hereby states and alleges as follows:

## JURISDICTION

1. Plaintiff's action for unpaid wages and other relief arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*

2. This Court has original jurisdiction over this action pursuant to the FLSA. 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims under the IMWL, 820 ILCS § 105/1 *et seq.*, and the IWPCA, 820 ILCS § 115/1 *et seq.*

4. Venue is proper in the United States District Court, Northern District of

Illinois, pursuant to 28 U.S.C. § 1391. The events giving rise to the claims in this complaint occurred within the geographical area covered by this Court.

5. Defendant Servon Group Inc. ("Servon") is an Illinois corporate entity with its principal place of business located at 4625 25th Ave, Schiller Park, IL 60176.

6. Servon was engaged at all relevant times in the business of building maintenance and employee staffing, had at least 2 employees at all relevant times, and was engaged in interstate commerce with a gross annual income of more than $500,000.

7. Defendant Krystyna Wojciak owns a controlling ownership interest in Servon and at all relevant times herein, conducted business by and for Servon within Cook County, Illinois. Defendant Wojciak throughout all relevant times acted on behalf of and for the benefit of Servon in paying employees under the scheme described herein.

8. Defendants Servon and Wojciak are employers within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the IWPCA, 820 ILCS §§ 115/2, 115/13.

9. Defendants were at all times engaged in the sale of services in interstate commerce, or employed employees handling or otherwise working on goods that had been moved in or produced for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. From approximately June 22, 2017, through April 18, 2018, Plaintiff was employed at Servon as a building maintenance man and was engaged in

interstate commerce.

11. Plaintiff regularly worked 6 days per week and in excess of 40 hours per week.

12. Defendant required Plaintiff to be present at a residential building located at 732 S. Financial in downtown Chicago during set hours.

13. Defendant had complete control over Plaintiff's hours, job duties, how those duties were performed, and the location where Plaintiff worked.

14. At all relevant times, Defendant intentionally misclassified Plaintiff as an independent contractor instead of his correct classification, an employee.

15. Defendant paid Plaintiff at an hourly rate of $14.00 for 40 hours per week and never paid Plaintiff beyond 40 hours per week even though Plaintiff typically worked between 45 to 50 hours per week.

16. Defendant failed to pay Plaintiff straight time for the hours worked in excess of 40 hours per week and also failed to pay Plaintiff 1.5 times his rate of compensation for those hours.

17. Plaintiff was at all relevant times an employee within the meaning of the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS § 105(3)(d) and the IWPCA, 820 ILCS § 115(2). Plaintiff is a citizen of the United States and resident of Cook County, Illinois.

### COUNT I – FAIR LABOR STANDARS ACT VIOLATION
### AGAINST ALL DEFENDANTS

18. Plaintiff realleges and incorporates all preceding paragraphs above into this Count as if fully set forth herein against Defendants.

19. Plaintiff was at all relevant times a non-exempt employee. At no time did Plaintiff agree to being paid a salary of any kind in lieu of an hourly wage.

Plaintiff did not agree to or otherwise sign any bona fide individual employment contract with Defendants.

20. Defendants failed to maintain accurate records for time Plaintiff actually worked.

21. Due to Defendants' willfully poor and inaccurate record keeping, Plaintiff was provided a 1099 form for the year of 2017 that was inaccurate. Plaintiff was also never provided a W-2 form.

22. Defendants' compensation scheme systematically deprived Plaintiff of earned wages, as it violated both federal and state wage laws.

23. Defendants' refusal and/or failure to pay Plaintiff wages earned as alleged above was knowing and willful under 29 U.S.C. § 255(a) and violated the FLSA, 29 U.S.C.§ 201 *et seq*.

24. Defendants' refusal and/or failure to keep accurate time records for all hours worked by Plaintiff violated 29 U.S.C. §§ 211(c), 215(a)(5).

25. Plaintiff did and continues to suffer damages as a result of Defendants' conduct alleged in this count.

WHEREFORE, Plaintiff prays that the Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiff all unpaid straight time and overtime for the period of time alleged herein, together with pre and post-judgment interest;

c) Award Plaintiff, in addition to any amounts awarded pursuant to paragraph (b) above, liquidated damages equal to the amount of

wages awarded in paragraph (b) above; and

d) Award Plaintiff's attorneys their fees for bringing this action.

## COUNT II – FLSA SECTION 15(a)(3) RETALIATION CLAIM AGAINST ALL DEFENDANTS

26. Plaintiff realleges and incorporates all preceding paragraphs above into this Count as if fully set forth herein against Defendants.

27. In late 2017, Plaintiff told Defendant Wojciak that he was being misclassified because Servon was calling him an independent contractor when in actuality he was an employee.

28. In March of 2018, Plaintiff told Monica Ostrowski, Director of Operations at Defendant Servon, that he intended to report Servon to the Department of Labor and the Internal Revenue Service because he was being misclassified.

29. In April of 2018, while Plaintiff was still working at Servon, he reported Servon to the Department of Labor for misclassifying him as an independent contractor.

30. On April 18, 2018, Monica Ostrowski discharged Plaintiff from his employment at Servon in retaliation for Plaintiff making the statements alleged above. Upon information and belief, this adverse employment action was made in consultation with Defendant Wojciak.

31. Defendants' actions violated the retaliation provision of the FLSA, 29 U.S.C.§215(a) and caused Plaintiff damages.

WHEREFORE, Plaintiff prays that the Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiff all unpaid straight time and overtime for the period of time alleged herein, together with pre and post-judgment interest;

c) Award Plaintiff, in addition to any amounts awarded pursuant to paragraph (b) above, liquidated damages equal to the amount of wages awarded in paragraph (b) above; and

d) Award Plaintiff's attorneys their fees for bringing this action.

**COUNT III – ILLINOIS MINIMUM WAGE LAW ALLEGATIONS AGAINST ALL DEFENDANTS**

32. Plaintiff realleges and incorporates all preceding paragraphs above into this Count as if fully set forth herein against Defendants.

33. Defendants are employers within the meaning of IMWL. 820 ILCS § 105/3(c). 820 ILCS § 105/3(c) defines an employer as including "any individual . . . . corporation . . . or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee . . ."

34. Defendants' willful failure and refusal to pay Plaintiff his earned wages and overtime, as alleged in the preceding paragraphs of this Complaint, violates the IMWL's minimum wage requirements in 820 ILCS § 105/4(a)-(c).

35. Defendants also failed to keep accurate payroll and timekeeping records as required by Sections 105/8 and 105/11 of the IMWL. 820 ILCS §§ 105/8, 105/11.

36. Plaintiff has and continues to suffer damages as a result of Defendants' conduct alleged in this Count.

WHEREFORE, Plaintiff pray that this Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiff all unpaid wages, and overtime for the period of time alleged herein, together with pre and post-judgment interest;

c) Award Plaintiff punitive damages equal to 2% of the amount of any underpayments for each month following the date of payment during which such underpayments remained unpaid. 820 ILCS § 105/12;

d) Award Plaintiff's attorneys their fees for bringing this action as contemplated by 820 ILCS § 105/12.

### COUNT IV – ILLINOIS WAGE PAYMENT COLLECTION ACT ALLEGATIONS AGAINST ALL DEFENDANTS

37. Plaintiff realleges and incorporates all preceding paragraphs above into this Count as if fully set forth herein against Defendants.

38. Defendants at all relevant times were employers within the meaning of the IWPCA, 820 ILCS § 115/2.

39. By failing to pay Plaintiff his wages and overtime earned, Defendants failed to pay Plaintiff's earned wages within the required seven (7) days after the end of the weekly pay in which these wages were earned. Defendants' willful refusal and continued failure to pay wages when earned by Plaintiff violates the

IWPCA, 820 ILCS § 115/4.

40. Defendants also refused and failed to keep accurate payroll and timekeeping records as required by Illinois law. 820 ILCS § 115/11.

41. Plaintiff has and continues to suffer damages as a result of Defendants' conduct alleged in this Count.

WHEREFORE, Plaintiff prays that this Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiff all unpaid wages and overtime for the period of time alleged herein, together with pre and post-judgment interest, as contemplated by the IWPCA;

c) Award Plaintiff punitive damages equal to 2% of the amount of any underpayments for each month following the date of payment during which such underpayments remained unpaid. 820 ILCS § 105/14;

d) Award Plaintiffs' attorneys their fees for bringing this action.

### JURY DEMAND

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), hereby demands a trial by jury for all issues so triable.

Dated: June 28, 2018

Respectfully submitted,

/s/ Shneur Nathan, Att. # 6294495

Nathan & Kamionski LLP
140 S. Dearborn,
Suite 1510
Chicago, IL 60603
312-612-1955 Phone
snathan@nklawllp.com